# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **THOMAS McCURDY,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16CV00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | By: James P. Jones |
| **CORRECTIONS,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Joshua Erlich, Benjamin W. Owen, Davia Craumer, and Katherine L. Herrmann, The Erlich Law Office, PLLC, Arlington, Virginia, for Plaintiff; Ryan Spreague Hardy, Assistant Attorney General, and Sydney E. Rab, Senior Assistant Attorney General, Richmond, Virginia, for Defendant.*

The plaintiff in this case asserts claims of race-based discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Because I find that the Amended Complaint fails to state a viable claim under § 1981, I will grant the defendant's Motion to Dismiss as to Count II. I will deny the Motion to Dismiss as to Counts I and III, the Title VII claims.

## I.

The Amended Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

The plaintiff, Thomas McCurdy, is a black man who lives in Wise County, Virginia, and was employed by the Virginia Department of Corrections ("VDOC") from April, 2012, until May, 2014. McCurdy worked as a Corrections Officer at Red Onion State Prison ("Red Onion") in Pound, Virginia. During his employment, the use of racial slurs by non-black officers was common and accepted. Non-black officers made race-related jokes targeting African-Americans. Certain unidentified non-black officers stated and implied that McCurdy and other black officers were gang members, were "the same as inmates," and could not be trusted. (Am. Compl. ¶ 16, ECF No. 6.) Non-black officers told McCurdy they would not protect him from violence by inmates. The conditions of employment for black officers included a lack of safety and security.

In late 2013, McCurdy complained to Red Onion's Director of Human Resources, Renee Conley, about the use of racial slurs and what he perceived as a pervasive hostile work environment. VDOC did not investigate McCurdy's complaints. In March 2014, McCurdy attended a meeting in which Emily Swords asked whether the Red Onion staff would like to see any changes made at Red Onion. McCurdy responded by complaining about the use of racial slurs and jokes about black people. Officers T. Patrick, C. Rose, Cooley, and C. Smith attended the meeting. The use of racial slurs and telling of race-related jokes persisted

following the meeting. According to McCurdy, VDOC still did not investigate the complaints.

McCurdy also voiced his concerns to Major Arville Galiher, a supervisor at Red Onion. Galiher dismissed the claims, stating that race-based jokes happen everywhere. VDOC again took no action.

On May 16, 2014, McCurdy, who is a smoker, accidentally brought a cigarette lighter into the prison. He was aware that bringing a cigarette lighter into the prison was a violation of VDOC regulations, and when he discovered the lighter in his pocket, he immediately approached Warden Randall Mathena to determine how best to address the situation. Mathena told McCurdy he could either resign or be fired. McCurdy resigned.

Prior to his resignation, McCurdy had received no warnings; he had an excellent performance and disciplinary history. McCurdy believes that the VDOC had been looking for a reason to terminate him in retaliation for his complaints about "the intense and pervasive hostile work environment" at Red Onion. (*Id.* at ¶ 37.) In other words, McCurdy alleges that the minor infraction of bringing a lighter into the prison was used as a pretext, and VDOC in fact terminated his employment because of his race and in retaliation for his complaints.

On June 9, 2014, the Virginia Employment Commission ("VEC") held a hearing to determine whether McCurdy was eligible to receive unemployment

compensation. At that hearing, Conley stated that other employees at Red Onion had brought lighters into the prison but were not fired. She indicated that she did not know why VDOC terminated McCurdy when it had not terminated others. Other infractions, including mistakenly firing a weapon and entering the prison with chewing gum hidden in a sock, did not result in any discipline or resulted in only short suspensions.

McCurdy made a timely charge of race-based discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), and on March 30, 2016, the EEOC issued McCurdy a Notice of Right to Sue. He initiated this action within ninety days of his receipt of the Notice of Right to Sue. McCurdy asserts a claim of race-based discrimination and harassment under Title VII (Count I), a claim of race-based discrimination and harassment under 42 U.S.C. § 1981 (Count II), and a claim of retaliation under Title VII (Count III).

VDOC has moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. The Motion to Dismiss has been fully briefed and is now ripe for decision.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

II.

In order to survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

In the context of employment discrimination claims, "a plaintiff is not required to plead facts that constitute a prima facie case" in order to survive a motion to dismiss. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). Nevertheless, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

- 5 -

A plaintiff claiming unlawful discrimination under Title VII who does not offer direct evidence of discriminatory intent has the burden of establishing that: (1) he is a member of a protected class; (2) he was qualified for his position and his performance was satisfactory; (3) despite his qualifications, he suffered an adverse employment action; and (4) he was replaced by an individual outside of the protected class. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

To prevail on a claim of a hostile work environment under either Title VII or § 1981, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's . . . race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer–Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (citation omitted).

Section 1981 states,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The exclusive remedy for violation of rights guaranteed by § 1981 is 42 U.S.C. § 1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733

- 6 -

(1989); *Dennis v. Cty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege that he was 'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" *Thomas v. Salvation Army S. Territory*, No. 14-2214, 2016 WL 6595949, at *3 (4th Cir. Nov. 8, 2016) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). The plaintiff must allege that the one who deprived him of his rights is a "person." *See* 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

To adequately plead a claim of retaliation under Title VII, a plaintiff must allege three elements: "1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) a causal connection existed between the protected activity and the adverse action." *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997) (citation omitted).

- 7 -

III.

In support of its Motion to Dismiss, VDOC first contends that McCurdy cannot recover punitive damages from a state agency. McCurdy has filed a Stipulation of Partial Dismissal stating that he voluntarily dismisses with prejudice his claims for punitive damages. Therefore, as to this issue, I will deny the Motion to Dismiss as moot.

VDOC next argues that Count II must be dismissed because a state agency is not a "person" subject to suit under § 1983. VDOC further contends that the Eleventh Amendment bars any claim for damages against it. McCurdy counters that he is entitled to recover damages pursuant to 42 U.S.C. § 1981a and that Congress properly abrogated states' sovereign immunity when it enacted Title VII.

As a general principle, "it is well settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state." *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990). Sovereign immunity is not absolute, however. *See Alden v. Maine*, 527 U.S. 706, 754-56 (1999). States can waive their immunity from suit by private individuals. *Id.* The adoption of the Fourteenth Amendment allowed states to be sued for damages by individuals under federal statutes enacted pursuant to Congress's power to enforce the Fourteenth Amendment. *Id.* at 756. Title VII is one such piece of legislation, and thus a state is not immune from Title VII claims by private persons.

- 8 -

*Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976); *see also West v. Gibson*, 527 U.S. 212, 222 (1999).

Accordingly, VDOC has not moved to dismiss McCurdy's Title VII claims on the ground of sovereign immunity. It has invoked the Eleventh Amendment only as to Count II. The question before the court, then, is whether sovereign immunity has been waived or properly abrogated as to § 1983 suits seeking to enforce rights guaranteed by § 1981.

The Eighth Circuit has declared that the Eleventh Amendment bars a § 1981 claim against a state, noting that "other circuits have uniformly held that a state is immunized from § 1981 liability under the Eleventh Amendment." *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (citing *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988); *Freeman v. Michigan*, 808 F.2d 1174, 1178 (6th Cir. 1987)). A panel of the Fourth Circuit has reached the same conclusion in a *per curiam* unpublished decision. *Parks v. Piedmont Tech. Coll.*, No. 95-2463, 1996 WL 36897, at *1 (4th Cir. Jan. 31, 1996) (unpublished). The Fourth Circuit's earlier decision in *Huang* rested on the assumption that sovereign immunity generally bars § 1981 and § 1983 claims against an arm of the state. *Huang*, 902 F.2d at 1138 (noting that the plaintiff "properly concedes that the Eleventh Amendment bars . . . the § 1981 and § 1983 damage claims"). In accordance with

this precedent, I find that McCurdy's § 1981 claim is barred by sovereign immunity and must be dismissed.

Even if VDOC were not immune from the § 1981 claim, Count II of the Amended Complaint would still fail to state a claim upon which relief can be granted. The Supreme Court has squarely held that "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. Section 1981a does not solve this problem for McCurdy, as it expressly applies only to Title VII claims, not to § 1983 claims. 42 U.S.C. § 1981a(1) ("In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 . . . the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.") The Supreme Court has repeatedly explained that § 1981a was enacted to amend Title VII to allow for compensatory and punitive damages. *See, e.g.*, *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 72 (2006); *West*, 527 U.S. at 215-16. Section 1981a does not purport to have any effect on § 1983 actions seeking to enforce § 1981 rights. Because § 1983 provides the only remedy for violation of the rights secured by § 1981, and because VDOC is not a "person" within the meaning of § 1983, Count II of the Amended Complaint fails to state a cognizable claim.

- 10 -

Finally, VDOC asserts that McCurdy has failed to exhaust his administrative remedies as to Counts I and III because the Attorney General has not notified McCurdy of whether it has decided to take any action related to this matter.

The Title VII enforcement statute provides that in cases against governmental entities, if the Equal Employment Opportunity Commission ("Commission" or "EEOC") "has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court." 42 U.S.C. § 2000e-5(f)(1). The statute goes on to state:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or *if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later,* the Commission has not filed a civil action under this section or *the Attorney General has not filed a civil action* in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or *the Attorney General* in a case involving a government, governmental agency, or political subdivision, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved* or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

*Id.* (emphasis added). A related regulation states:

In all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission will issue the notice of right to sue when there has been a dismissal of a charge. The notice of right to sue will be issued in accordance with § 1601.28(e). In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue, including the following cases:

(1) When there has been a finding of reasonable cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action; and

(2) Where a charging party has requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2). In cases where a charge of discrimination results in a finding of cause in part and no cause in part, the case will be treated as a "cause" determination and will be referred to the Attorney General.

29 C.F.R. § 1601.28(d).

In this case, the Commission issued a Dismissal and Notice of Rights, which indicated that the Commission was "unable to conclude that the information obtained established violations of the statute." (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Pl.'s Am. Compl. Ex. A, ECF No. 14-1.) This notice comports with the procedure described in the above-quoted regulation. Therefore, I find that McCurdy has exhausted his administrative remedies.

The Fourth Circuit addressed an argument similar to VDOC's in *Moore v. City of Charlotte*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985). In *Moore*, the defendant argued that "the district court lacked subject-matter jurisdiction because Moore's right-to-sue letter was issued by the EEOC rather than by the Attorney

- 12 -

General, the authority designated by Title VII for cases in which the defendant is a political subdivision of a state." *Id.* The Fourth Circuit rejected this argument, noting that a plaintiff's "entitlement [to notice] is unaffected by any EEOC assumption of Justice Department duties, as Moore may not be penalized for an EEOC failure to fulfill its statutory duties even if such a failure is presented by the administrative division of responsibility between the EEOC and the Attorney General." *Id.*

The EEOC and Justice Department have adopted and delineated a procedure for issuance of notice letters, which they followed in this matter. McCurdy was not required to wait to receive a separate notice from the Attorney General to commence this suit. Based on the above-quoted regulatory language, it is likely that no such notice was ever forthcoming. I decline to dismiss McCurdy's Title VII claims based on the lack of a notice from the Attorney General and will deny the Motion to Dismiss as to Counts I and III.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss (ECF No. 13) is GRANTED as to Count II, DENIED as to Counts I and III, and DENIED as moot as to the demand for punitive damages.

ENTER: December 7, 2016

/s/ James P. Jones
United States District Judge

- 13 -